ADMIRAL INSURANCE COMPANY,
Plaintiff–Appellee,

v.

PIF HIGH YIELD FUND II, formerly known as WM Trust High Yield Fund; PIF Income Fund, formerly known as WM Trust Income Fund; PVC Income Account, formerly known as WM Variable Trust Income Fund; Tonga Partners, L.P.; Anegada Master Fund, Ltd.; Cuttyhunk Fund, Ltd.; Cannell Capital, L.L.C.; Nebo Investment Fund, Counter–claimants–Appellants.

SONICblue Incorporated, Debtor.

Admiral Insurance Company,
Plaintiff–Appellant,

v.

PIF High Yield Fund II, formerly known as WM Trust High Yield Fund; PIF Income Fund, formerly known as WM Trust Income Fund; PVC Income Account, formerly known as WM Variable Trust Income Fund; Tonga Partners, L.P.; Anegada Master Fund, Ltd.; Cuttyhunk Fund, Ltd.; Cannell Capital, L.L.C.; Nebo Investment Fund, Counter–claimants–Appellees.

SONICblue Incorporated, Debtor.

Nos. 10–15830, 10–16020.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 13, 2011.

Filed Sept. 29, 2011.

Melissa Murphy–Petros, Wilson Elser Moskowitz Edelman & Dicker LLP, Chicago, IL, Louis H. Castoria, Esquire, Wilson Elser Moskowitz Edelman & Dicker, LLP, San Francisco, CA, for Plaintiff–Appellee.

Glenn P. Zwang, Esquire, Buchalter Nemer, San Francisco, CA, for Counter–Claimants–Appellants.

Before: W. FLETCHER and N.R. SMITH, Circuit Judges, and MILLS,* Senior District Judge.

### MEMORANDUM **

A group of holders of notes issued by now-defunct SONICblue, Inc. (the "1996 Bondholders") appeal the district court's grant of summary judgment to Admiral Insurance Company ("Admiral") on the basis of rescission, and the district court's denial of the 1996 Bondholders' cross-motion for summary judgment. Admiral cross-appeals, challenging the district court's denial of the alternative bases for relief contained in its motion for summary

judgment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"We review a district court's decision on cross-motions for summary judgment de novo." *Avery v. First Resolution Mgmt. Corp.*, 568 F.3d 1018, 1021 (9th Cir.2009). "The meaning and construction of an insurance policy is a question of law reviewed de novo. Words used in an insurance policy are to be interpreted according to the plain meaning that a layperson would attach to them." *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1147 (9th Cir.1998) (citation omitted).

The November 14, 2002, letter constituted a written demand for money or services. Therefore, SONICblue should have revealed the letter to Admiral in response to question 24 of the policy application. As a result, rescission is warranted in this case. *See Nieto v. Blue Shield of Cal. Life & Health Ins. Co.*, 181 Cal.App.4th 60, 75–78, 103 Cal.Rptr.3d 906 (2010); *Mitchell v. United Nat'l Ins. Co.*, 127 Cal.App.4th 457, 468–69, 25 Cal.Rptr.3d 627 (2005).

Accordingly, we affirm the district court's grant of summary judgment on the rescission claim. The 1996 Bondholders' remaining arguments are unavailing.

Because we affirm on the rescission claim, we do not reach the issues raised by Admiral in the cross-appeal.

**AFFIRMED.**

---

* The Honorable Richard Mills, Senior United States District Judge for the Central District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.